**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDUARDO DE SOUZA MORAIS,

       *Petitioner*,

v.                                   Case No. 3:25-cv-1619-WWB-SJH

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

       *Respondents*.

_____/

## ORDER

Petitioner, an immigration detainee, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus.  (Doc. 1).  Federal Respondents filed a Response (Doc. 6), and Respondent Warden Woodall filed a Motion to Dismiss (Doc. 10), arguing he is not a proper respondent in this case.  Petitioner then filed a counseled reply.  (Doc. 11).

## I.    BACKGROUND

Petitioner is a citizen of Brazil who entered the United States in 2021.  (Doc. 1 at 9).  Upon entry and after the Department of Homeland Security ("**DHS**") processed him, Petitioner was released on parole under § 1182(d)(5) of the Immigration and Nationality Act ("**INA**").  (*Id.*).  Once released, Petitioner complied with all requirements of his parole. (*Id.* at 10).  On December 10, 2025, at a scheduled check-in, Immigration and Customs Enforcement ("**ICE**") detained Petitioner and issued a Notice to Appear ("**NTA**") charging him, *inter alia*, as an alien present in the United States without being admitted or paroled

and initiating removal proceedings.  (Doc. 1-3).  Petitioner remains in ICE custody without bond while his removal proceedings are pending.  (Doc. 1 at 10).

In his Petition, Petitioner asserts ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention, which is violating: (Count I) the INA; and (Count II) the Due Process Clause of the Fifth Amendment.  (*Id.* at 10–11).

Federal Respondents argue that the Court lacks jurisdiction to entertain the Petition; and in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2).  (*See generally* Doc. 6).

In his Reply, Petitioner opposes Respondents' jurisdictional argument and asserts that the primary substantive issue for the Court's consideration is that § 1226(a) governs Petitioner's detention.  (*See generally* Doc. 11).

## II.    DISCUSSION

As to Federal Respondents' jurisdictional arguments, the Court has already considered and rejected those same claims.  *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Sec.*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (Doc. 23) (finding neither § 1252(g) nor § 1252(b)(9) bar the petitioner's challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)).  Thus, the Court turns to the merits of Petitioner's claims.

The underlying premise of Petitioner's claims is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in the United

2

States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1); *see Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission (internal quotation marks and citation omitted)). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. *Jennings*, 583 U.S. at 287. Certain applicants are subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]." *Jennings*, 583 U.S. at 288. There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

Rather, the Supreme Court has interpreted § 1225(b)(2) as "mandat[ing] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 582 U.S. at 297.

> § 1225(b)(2) aliens are [ ] detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And . . . § 1225(b)(2) says [nothing] whatsoever about bond hearings.

*Id.* (alterations in original). As a result, as a § 1225(b)(2) alien, Petitioner is subject to mandatory detention.

To that end, the "only exception" to this mandatory detention scheme is that "applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit[ ]'" under 8 U.S.C. § 1182(d)(5)(A). *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 139 (W.D.N.Y. 2025) (quoting *Jennings*, 583 U.S. at

3

288).  Upon entry, DHS applied this exception to Petitioner and immediately placed him on parole.   But this parole scheme "permits a noncitizen to physically enter the country . . . subject to a reservation of rights by the [g]overnment that it may continue to treat the noncitizen 'as if stopped at the border[.]'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).  In other words, "[s]uch parole 'shall not be regarded as an admission of the alien,' and where parole expires or is revoked, "the alien shall forthwith return or be returned to the custody from which he was paroled and [] his case shall continue to be dealt with in the same manner as that of any other applicant for admission . . ." *Rodriguez v. Bondi*, No. 1:25-cv-00791, 2025 WL2490670, at *2 (E.D. Va. June 24, 2025) (quoting 8 U.S.C. § 1182(d)(5)(A)).  Accordingly, when Petitioner's parole ended in January 2022 (Doc. 6 at 4), a date Petitioner does not dispute, he again became subject to § 1225(b)(2)'s mandatory detention.  Thus, Petitioner's current detention is statutorily authorized under § 1225(b)(2).

To the extent Petitioner claims his detention violates his due process rights under the Fifth Amendment and the INA, "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process.  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings.  *See id.*  If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs.  *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026).  As such, Petitioner's mandatory detention under § 1225(b)(2) neither

4

violates the INA nor the Fifth Amendment's Due Process Clause. Petitioner's claims are denied.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

2. Respondent Warden's Motion to Dismiss (Doc. 10) is **DENIED as moot**.

3. The Clerk shall enter judgment denying the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 16, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    counsel of record